UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| X-TRA LIGHT MANUFACTURING PARTNERSHIP, LTD., | § § § | |
|    *Plaintiff*, | § § | |
| vs. | § § | CIVIL ACTION H-06-3134 |
| MIDWEST ILLUMINATION, INC. & TERRY SUMMERLEE, | § § § | |
|    *Defendants*. | § | |

### ORDER

  Before the court is defendant Midwest Illumination's motion to transfer venue to the Eastern District of Michigan (Dkt. 13). Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The parties do not dispute that this suit "might have been brought" in the Eastern District of Michigan, as that district would be a proper venue in this case. *See* Dkt. 13, Ex. 3 at 7; 28 U.S.C. § 1391(a)(1). The court must decide, then, whether transfer is warranted "[f]or the convenience of parties," and whether transfer is in the "interest of justice." § 1404(a). This determination requires the court to weigh a number of private and public interest factors. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *See id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S. Ct. 252 (1981)). The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of

the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.*

The court has carefully considered the private and public factors, the litigants' arguments, and the applicable case law. The court concludes that in the aggregate, the factors neither weigh strongly for nor against transfer. In this situation, the court will not disturb the plaintiff's choice of forum. *See Garner v. Wolfinbarger*, 433 F.2d 117, 119 (5th Cir. 1970) (stating that "plaintiff's statutory privilege of choosing his forum is a factor" that should be weighed in the venue transfer analysis). Accordingly, the court determines that a transfer of venue is not warranted in this case.

Therefore, defendant's motion is DENIED.

Signed on January 19, 2007, at Houston, Texas.

_____
Gray H. Miller
United States District Judge