UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| X-TRA LIGHT MANUFACTURING PARTNERSHIP, LTD. | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. H-06-3134 |
| MIDWEST ILLUMINATION, INC. & TERRY SUMMERLEE, INDIVIDUALLY | § § § § | |
| *Defendants*. | § | |

### ORDER

Before the court is defendant Terry Summerlee's motion for a more definite statement under Federal Rule of Civil Procedure 12(e). Dkt. 14. The court is asked to consider whether the plaintiff's pleadings are sufficient under Federal Rule of Civil Procedure 8(a). After considering the motion, the plaintiff's response, and the applicable law, the court concludes that Summerlee's motion should be DENIED.

### APPLICABLE LAW AND FINDINGS

It is well-settled that "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957). "Pleading conclusory allegations of fact or law is permitted, provided the averments are short and plain and give fair notice to the defending parties of the claim and the grounds alleged in support." 2 MOORE'S FEDERAL PRACTICE § 8.04[2], 8-24 (3d ed.); *see also* FED. R. CIV. P. 8(a)(2). "Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48.

1

Consistent with the historically lenient pleading requirements, a motion for a more definite statement is generally disfavored. *See* 2 MOORE'S FEDERAL PRACTICE 3d § 12.36[1], at 12-87; *see also Lockwood v. Coughlin*, No. 93-CV-0427E(F), 1995 U.S. Dist. LEXIS 6024, 1995 WL 264674, at *1 (W.D.N.Y. Apr. 24, 1995); *MTV Networks v. Curry*, 867 F. Supp. 202, 207 (S.D.N.Y. 1994); *Boothe v. TRW Credit Data*, 523 F. Supp. 631, 635 (S.D.N.Y. 1981). A more particularized claim is appropriate when the complaint is so vague as to be unintelligible, but not when it simply omits facts which may be obtained via pretrial discovery. *In re Health Mgmt. Sec. Litig.*, 970 F. Supp. 192, 207 (E.D.N.Y. 1997); *Bower v. Weisman*, 639 F. Supp. 532, 538 (S.D.N.Y. 1986); *Boothe*, 523 F. Supp. at 635. If the complaint adequately informs the defendants of the general nature of the action, the motion should be denied. *In re Health Mgmt.*, 970 F. Supp. at 207.

The court finds the complaint to be sufficiently specific to inform the defendant of the general nature of the plaintiff's claims. Midwest has not demonstrated that the factual information sought could not be easily obtained through discovery or that requiring pleading of such facts would expedite the disposition of X-Tra Light's claims. Since the information sought by Midwest may be acquired during discovery, the motion for a more definite statement is DENIED.

It is so ORDERED.

Signed at Houston, Texas on February 12, 2007.

_____
Gray H. Miller
United States District Judge